Bankruptcy Nos. 282–00571–D–11 to 282–00574–D–11.
Adv. No. 283–0387.

United States Bankruptcy Court, E.D. California.

Oct. 20, 1986.

In re Robert Michael GARRIS, Debtor.

Robert F. ANDERSON, Trustee, Plaintiff,

v.

The VILLAGE CARPETS and John Young, Defendants.

Bankruptcy No. 85–00933.
Complaint No. 85–0322.

United States Bankruptcy Court. D. South Carolina.

Oct. 23, 1986.

B. Dale Lowder, Robert F. Anderson, P.A., Columbia, S.C., for plaintiff.

Julio E. Mendoza, Jr., Robinson, Mendoza & Barton, P.A., Columbia, S.C., for defendant.

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the motion of the trustee's attorney for an order imposing sanctions on the defendants, The Village Carpets and John Young.

The movant asks for the imposition of sanctions (1) pursuant to Rule 11, Federal Rules of Civil Procedure, for the defendants' alleged filing of a frivolous motion to determine the discoverability of documents, and (2) pursuant to Rule 37 of the Federal Rules of Civil Procedure, for the defendants' alleged failure to comply with an order of the court, filed October 2, 1986, which required the defendants to comply with the plaintiff's two requests for production of documents.

## I

After hearing the parties and reviewing the record, the court finds that the defendants' motion to determine the discoverability of documents met the requirements of Rule 11, Federal Rules of Civil Procedure. Accordingly, the defendants should not be subjected to sanctions for violating Rule 11.

## II

However, the court finds that, without just cause or excuse, the defendants failed to comply with the order of this court compelling discovery; therefore, the defendants should be subjected to sanctions, pursuant to Rule 37(b), Federal Rules of Civil Procedure.

■ After examining the itemized statement of attorneys' fees and expenses submitted by the trustee, the court finds that fees and expenses in the sum of $1,500. are attributable to the defendants' failure to comply with the court's order. Since these expenses are reasonable, the court accordingly finds that the defendants should pay $1,500. to the plaintiff as part of the sanctions imposed pursuant to Rule 37(b), Federal Rules of Civil Procedure.

■ In addition, it appears that the failure to produce documents has hindered the trustee's attempts to prepare for trial. Therefore, under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, the court makes the following findings of fact for the purposes of this adversary proceeding, and the defendants shall not be permitted to offer further evidence thereabout:

1. The transfers were made for and on account of an antecedent debt owed by the debtor to the defendants.

2. The transfers to the defendants were made within the preferential period, which is "on or within 90 days before the date of the filing of the petition [for relief]." 11 U.S.C. § 547(b)(4)(A).

3. The defendants provided goods and services to the debtor at the debtor's

place of business at a time prior to the preferential period.

AND IT IS SO ORDERED.